IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE ANTONIO PEROZA-BENITEZ,:
:
Petitioner :
: CIVIL NO. 4:10-CV-1515
:
v. : (Judge McClure)
:
RAYMOND M. LAWLER, *et al.*, :
:
Respondents :

**MEMORANDUM and ORDER**

July 26, 2010

**I.     INTRODUCION**

Petitioner Jose Antonio Peroza-Benitez ("Petitioner"), an inmate presently confined at the Huntingdon State Correctional Institution ("SCI Huntingdon") in Huntingdon, Pennsylvania, initiated the above action *pro se* by filing a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254.  (Rec. Doc. No. 1.) He has requested leave to proceed *in forma pauperis*.  (*See* Rec. Doc. No. 2.)  Named as Respondents are Raymond M. Lawler, Superintendent of SCI Huntingdon, and the Attorney General of Pennsylvania.  The request for *in forma pauperis* status will be granted for the sole purpose of filing this petition, and for the reasons set forth below, the petition will be transferred to the United States District Court for the Eastern

District of Pennsylvania.

## II. BACKGROUND

Petitioner states that he was convicted on December 11, 2006 in the Court of Common Pleas of Berks County ("trial court") of one (1) count of delivery of a controlled substance; three (3) counts of possession with intent to deliver a controlled substance; and six (6) counts of resisting arrest. (*See* Rec. Doc. No. 1 at 1.) On December 11, 2006, the trial court sentenced him to a term of imprisonment of seven (7) to fourteen (14) years. (*See id.*) In the instant petition, Petitioner raises two (2) claims regarding an alleged abuse of discretion by the trial court, and ineffective assistance of counsel claims as to plea and sentencing counsel, appellate counsel, and PCRA counsel. (*See id.* at 7-18.)

## III. DISCUSSION

In civil cases, venue may be changed pursuant to 28 U.S.C. 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue for a habeas corpus petition may be transferred under § 1404(a) to a forum where the material events occurred and where the records and witnesses are located. *Smart v. Goord*, 21 F. Supp. 2d 309, 313 (S.D.N.Y. 1998); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.

484 (1973).

In the instant case, it is clear that the issues Petitioner raises in his petition originated in Berks County, which is located within the Eastern District of Pennsylvania. Further, even though Petitioner currently is incarcerated in the Middle District of Pennsylvania, the records and witnesses involved in his conviction and sentence are located in the Eastern District. Based on these considerations, the Court finds that a change of venue is warranted.

When venue is improper, as in this matter, a court may transfer the matter to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, we will direct that the instant action be transferred to the United States District Court for the Eastern District of Pennsylvania. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The application for leave to proceed *in forma pauperis* (Rec. Doc. No. 2) is **GRANTED** for the sole purpose of filing the petition.

2. The Clerk of Court is directed to **TRANSFER** this matter to the United States District Court for the Eastern District of Pennsylvania.

3. The Clerk of Court is directed to **CLOSE** this case in this Court.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge